UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL HENRY,

                          Plaintiff,

            -against-

DOW JONES,

                          Defendant.

08 CV 05316 (NRB)(GWG)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOW JONES &
COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

KAUFF McCLAIN & McGUIRE LLP

950 Third Avenue
Fourteenth Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendant
DOW JONES & COMPANY, INC.

4827-4653-8242.5

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT .......................................................................... 1

II.  STATEMENT OF FACTS ............................................................................... 2

    A.  News Corporation's Acquisition of Dow Jones and the Terms of the Separation Plan.................................................................................. 2

    B.  Plaintiff's Employment and Termination .................................................. 3

    C.  The Lawsuit............................................................................................. 4

III.  ARGUMENT.................................................................................................. 5

    A.  ALL OF PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED AND MUST BE DISMISSED ........................................ 5

        1.  ERISA's Broad Preemption Bars Plaintiff's Claims ......................... 5

        2.  The Oral Representations Alleged by Plaintiff Are Unenforceable Under ERISA ......................................................... 10

        3.  Plaintiff's Promissory Estoppel Claim Must Be Dismissed Since He Fails to Allege "Extraordinary Circumstances" ............... 11

    B.  PLAINTIFF WAS NOT ELIGIBLE FOR BENEFITS UNDER THE SEPARATION PLAN BECAUSE HIS TERMINATION OCCURRED PRIOR TO THE CHANGE IN CONTROL .................. 13

    C.  PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES BARS THIS ACTION.................. 16

IV.  CONCLUSION ............................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Aramony v. United Way Replacement Benefit Plan,
    191 F.3d 140 (2d Cir. 1999) ........................................................ 12

Aspan v. Gemini Consulting, Inc., No. 98 Civ. 1256 (JGK), 1999 U.S. Dist. LEXIS
    1104 (S.D.N.Y. Feb. 1, 1999) ..................................................... 11

Bell v. Pfizer Inc.,
    499 F.Supp. 2d 404 (S.D.N.Y. 2007) ........................................... 12

Buczek v. Bristol Myers Squibb Co.,
    No. 07-CV-58C (SC), 2008 U.S. Dist. LEXIS 36972 (W.D.N.Y. May 6, 2005)..... 14, 16

Burrell v. AT&T Corp.,
    No. 03 Civ 2490 (SAS), 2005 U.S. Dist. LEXIS 23872 (S.D.N.Y. Oct. 18, 2005) .........7

Butler v. The New York Times Co.,
    No. 03 Civ. 5978 (RCC), 2007 U.S. Dist. LEXIS 18400 (S.D.N.Y. Mar. 7, 2007).......16

California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.,
    519 U.S. 316 (1997).................................................................6, 7

Cannon v. Douglas Elliman, LLC,
    No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10,
    2007) ..................................................................................... 17

CBS Broadcasting, Inc., v. Jones,
    460 F.Supp. 2d 500 (S.D.N.Y. 2006)............................................5

Cleveland v. Caplaw Enter.,
    448 F.3d 518 (2d Cir. 2006)......................................................2

Deutsch v. Kroll Assoc. Inc.,
    No. 02 Civ. 2892 (JSR), 2003 U.S. Dist. LEXIS 16613 (S.D.N.Y. Sept. 23,
    2003) ..................................................................................... 11

Devlin v. Transp. Comms. Int'l Union,
    173 F.3d 94 (2d Cir. 1999).......................................................... 11

Egan v. March & McLennan Cos., Inc.,
    No. 07 Civ. 7134 (SAS), 2008 U.S. Dist. LEXIS 6647 (S.D.N.Y.
    Jan. 30, 2008) ................................................................... 6, 7, 17

Firestone Tire & Rubber Co. v. Bruch,
    489 U.S. 101 (1989) ........................................................................... 13

Fort Halifax Packing Co., Inc. v. Coyne,
    482 U.S. 1 (1987) ................................................................................ 6

Fuller v. J.P. Morgan Chase & Co.,
    423 F.3d 104 (2d Cir. 2005)................................................... 13, 14, 16

Gerosa v. Savasta,
    329 F.3d 317 (2d Cir. 2003) ............................................................. 10

Greifenberger v. Hartford Life Ins. Co.,
    No. 03 Civ. 3238 (SAS), 2003 U.S. Dist. LEXIS 22810 (S.D.N.Y. Dec. 16,
    2003) ............................................................................................ 17, 18

Ingersoll-Rand Co. v. McClendon,
    498 U.S. 133 (1990)......................................................................8, 10

James v. Fleet/Norstar Fin. Group, Inc.,
    992 F.2d 463 (2d Cir. 1993) ............................................................... 6

Kinstler v. First Reliance Standard Life Ins.,
    181 F.3d 243 (2d Cir. 1999) ............................................................. 14

Ladouceur v. Credit Lyonnaise,
    No. 04 Civ 2773 (NRB), 2005 U.S. Dist. LEXIS 870 (S.D.N.Y. Jan. 20, 2005)... 10, 12

LeBoeuf v. New York Univ. Med. Ctr., No. 98 Civ 0973 (JSM), 2000 U.S. Dist.
    LEXIS 18263 (S.D.N.Y. Dec. 20, 2000) ...................................... 11

McMunn v. Pirelli Tire, LLC,
    161 F.Supp. 2d 97 (D. Conn. 2001) ................................................ 12

Merkent v. SI Bank and Trust,
    No. 05 Civ 2449 (JFB)(VVP), 2006 U.S. Dist. LEXIS 16508 (E.D.N.Y. Apr. 5,
    2006) ................................................................................................18

New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins.
    Co.,
    514 U.S. 645 (1995) ..................................................................... 7, 10

Pagan v. NYNEX Pension Plan,
    52 F.3d 438 (2d Cir. 1995) .............................................................. 14

Patterson v. J.P. Morgan Case & Co.,
    No. 01 Civ. 7513 (JSM), 2002 U.S. Dist. LEXIS 2014 (S.D.N.Y. Feb. 13, 2002)...........7

Perreca v. Gluck,
    295 F.3d 215 (2d Cir. 2002) ................................................................10, 11

Plumbing Indus. Bd. v. E.W. Howell Co.,
    126 F.3d 61 (2d Cir. 1997) .......................................................................7, 9

Prentice v. Apfel,
    11 F.Supp. 2d 420 (S.D.N.Y. 1988) ..............................................................5

Robinson v. Sheet Metal Workers' Nat'l Pension Fund,
    441 F.Supp. 2d 405 (D. Conn. 2006) ..........................................................12

Sanfilippo v. Provident Life and Cas. Ins. Co.,
    178 F.Supp. 2d 450 (S.D.N.Y. 2002)...........................................................17

Schein v. News America Publ'g., Inc.,
    No. 89 Civ. 0052 (MBM), 1989 U.S. Dist. LEXIS 5705 (S.D.N.Y. May 23,
    1989) ..............................................................................................................17

Sellers v. M.C. Floor Crafters, Inc.,
    842 F.2d 639 (2d Cir. 1988).........................................................................5

Sheppard v. Beerman,
    18 F.3d 147 (2d Cir. 1994) ...........................................................................5

Sira v. Morton,
    380 F.3d 57 (2d Cir. 2004) ...........................................................................5

Smith v. Dunham-Bush, Inc.,
    959 F.3d 6 (2d Cir. 1992) .........................................................................8, 9

Snyder v. Elliot W. Dann Co., Inc.,
    854 F.Supp. 264 (S.D.N.Y. 1994)...............................................................10

Tappe v. Alliance Capital Mgmt., L.P.,
    177 F.Supp. 2d 176 (S.D.N.Y. 2001) ...........................................................6

Thomas v. Verizon,
    No. 02 Civ. 3083 (RCC)(THK), 2004 U.S. Dist. LEXIS 17576 (S.D.N.Y. Sept. 1,
    2004) .............................................................................................................17

Thompson v. Gen. Elec. Co.,
    No. 01 Civ. 4438 (JGK), 2002 U.S. Dist. LEXIS 5316 (S.D.N.Y. Mar. 29, 2002) .......12

Tischmann v. ITT/Sheraton Corp.,
    145 F.3d 561 (2d Cir. 1998) .........................................................................6

**STATUTES**

29 U.S.C. §1001 *et seq.* ................................................................................................ 1

29 U.S.C. §1002(1) ........................................................................................................ 6

29 U.S.C. §1102(a)(1) ................................................................................................... 10

29 U.S.C. §1132(a)(1)(B) .............................................................................................. 9

N.Y. Labor Law §193 ................................................................................................. 7, 8

29 U.S.C. §1144(a) ....................................................................................................... 6

**OTHER AUTHORITIES**

Fed.R.Civ.P. 12(c) .................................................................................................. 1, 2, 5

Fed.R.Civ.P. 12(b)(6) .................................................................................................... 5

Fed.R.Civ.P. 56 ............................................................................................................. 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL HENRY,

                        Plaintiff,

            -against-                          08 CV 05316 (NRB)(GWG)

DOW JONES,

                        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOW JONES & COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I.    PRELIMINARY STATEMENT

Defendant, Dow Jones & Company, Inc. (improperly named in the Complaint) (hereinafter "Dow Jones"), submits this Memorandum of Law in support of its motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Plaintiff, Michael Henry ("Henry" or "Plaintiff"), is a former employee of Dow Jones who claims to be entitled to certain enhanced severance benefits in connection with the termination of his employment. Although the Complaint purports to assert claims arising only under state law, the relief Plaintiff seeks in respect to all of these causes of action consists of severance benefits allegedly due to him under the Dow Jones Separation Plan for Senior Management (the "Separation Plan"), an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). For the reasons set forth below, Plaintiff's state law claims must be dismissed in their entirety because they are preempted by ERISA. In addition, Plaintiff has failed to state a claim for relief under ERISA because: (1) the denial of enhanced benefits under the Separation Plan was not

arbitrary and capricious and, indeed, was entirely in accord with the plain terms of the Separation Plan document; and (2) Plaintiff fails to allege that he exhausted the administrative remedies set forth in the Separation Plan before filing suit.

## II.    STATEMENT OF FACTS[1]

### A.    News Corporation's Acquisition of Dow Jones and the Terms of the Separation Plan

In April 2007, News Corporation made a non-public offer to purchase all shares of Dow Jones. Compl. ¶24; Ans. ¶24. Shortly thereafter, it became known to the public that News Corporation was attempting to acquire Dow Jones. Compl. ¶26; Ans. ¶26. Effective June 4, 2007, Dow Jones amended its Separation Plan for Senior Management to provide benefits for eligible executives in a variety of circumstances, including a Change in Control, as defined in the Separation Plan document. The newly amended Separation Plan provided, in relevant part, that:

> Effective as of June 4, 2007 (the "Amendment Date"), all employees of the Company in salary grades 1 through 12 (an "eligible executive") shall be entitled to participate in the Plan as in effect on and after the Amendment Date; provided, however, that any person who is in salary grades 8 through 12 shall only be entitled to participate in the Plan with respect to **terminations of employment arising from events occurring upon or following a Change in Control** and prior to the second anniversary of a Change in Control. . .

Exh. A. of Ans. at 2 (emphasis added). Paragraph 5 defined a Change in Control as:

> (a) Any acquisition or series of acquisitions during any twelve (12) month period after which any "Person" . . . is the "Beneficial Owner" . . . of thirty percent (30%) or more of the combined voting power of the outstanding voting securities of the Company . . .

---

[1] Dow Jones disputes many of the factual allegations of the Complaint, but solely for purposes of this motion, assumes the truth of those allegations. See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006)(in addressing a Rule 12(c) motion "the court must 'accept as true the complainant's factual allegations . . .'")(internal citations omitted).

Id. At 4.

The acquisition of Dow Jones by News Corporation eventually took place on or about December 14, 2007.[2]  Compl. ¶71; Ans. ¶71.  Consequently, a Change in Control, as defined in the Separation Plan, occurred on that date.

### B.    Plaintiff's Employment and Termination

Plaintiff was employed with Dow Jones from May 1997, until his termination in October 2007.  Compl. ¶58; Ans. ¶58.  At the time of his termination, Plaintiff was the Vice-President, Dow Jones Integrated Solutions Division, a salary grade 10 position.  Affirmation of Thomas Maher [hereinafter referred to as "Maher Aff."] ¶4; Compl. ¶17; Ans. ¶17.  Plaintiff's base salary was $222,525.16 and his target Sales Incentive payment for 2007 was $125,000.  Compl. ¶18; Ans. ¶18.  At the time of his termination, Plaintiff reported to Michael Rooney, Chief Revenue Officer.  Compl. ¶31; Ans. ¶31.

On or about September 6, 2007, Rooney informed Plaintiff that his position was being eliminated and that his termination would be effective October 8, 2007.  Compl. ¶¶55, 58; Ans. ¶¶55, 58.  Dow Jones offered Henry a severance payment in an amount equal to 26 weeks' base salary ($111,263) and full payment of his target Sales Incentive payment for 2007 ($125,000) along with additional consideration, in exchange for Henry's execution of a full release of claims.

Henry, however, declined Dow Jones's severance offer, claiming instead that he was entitled to enhanced separation benefits under the Separation Plan.  Dow Jones, for its part, contended that the provisions of the Separation Plan had not been

---

[2] More precisely, on December 13, 2007, the shareholders of Dow Jones approved a merger with News Corporation, and as of the close of business on that date, News Corporation became the beneficial owner of all of the stock of Dow Jones.  Maher Aff. ¶3.

triggered, as there had been no Change in Control at the time of his termination, and that Henry therefore was not entitled to any enhanced separation benefits.[3]

The Separation Plan, in accordance with ERISA, includes a claims procedure which an individual who is initially denied benefits must follow to obtain review of that determination. Specifically, the Separation Plan, which incorporates the claims and appeals procedure from the Dow Jones health and life insurance plans, provides that:

> [a participant] may have [his] claim reconsidered by the [Vice President/Employee Relations or General Counsel]. [The participant] must request this reconsideration to that manager . . . within 60 days from the date [he is] notified that [his] claim has been denied. . . . Within 60 days from the date [he] receive[s] notification from the [Vice President/Employee Relations or General Counsel] that [his] claim has been denied on reconsideration, [the plan participant or his] authorized representative may submit a written request to the Plan Committee for a final review of [his] claim.

Maher Aff., Exh. A at 64; Exh. A to Ans. at 8. Henry, however, does not allege that he sought review of the decision by contacting the Vice President/Employee Relations, General Counsel, or Plan Committee, as required by the terms of the Separation Plan.

### C.    The Lawsuit

Plaintiff filed the instant action on April 17, 2008 in the Supreme Court of the State of New York, County of New York, purporting to assert claims arising only under state law, but seeking, as a remedy, to recover the enhanced separation benefits he claims are allegedly due to him under the Separation Plan. Compl. ¶65. The action

---

[3] Although Henry was not entitled to enhanced severance benefits, he did receive a normal severance payment in the amount of 21 weeks' base salary ($89,866) pursuant to the terms of the standard Dow Jones Severance Pay Plan applicable to all full-time employees who are laid off. Henry also received payment for his accrued unused vacation time ($15,405) according to company policy. In early 2008, Henry received his entire 2007 Sales Incentive payment ($125,000), even though he was entitled only to a pro rata portion of that 2007 amount under company policy.

was subsequently removed by Dow Jones to this Court on the grounds that notwithstanding Plaintiff's characterization of his claims as arising under state law, the action in fact seeks only to obtain for Henry the benefits of the Separation Plan and as such is governed exclusively by ERISA.  Plaintiff has not moved to remand the case to state court.

## III.   ARGUMENT

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Prentice v. Apfel, 11 F.Supp. 2d 420, 424 (S.D.N.Y. 1988)(quoting Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)). The standard for deciding a Rule 12(c) motion is the same standard applicable to a motion under Rule 12(b)(6). Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). In deciding such a motion, the court may consider the pleadings and attached exhibits, statements or documents incorporated by reference, and matters subject to judicial notice. CBS Broadcasting, Inc., v. Jones, 460 F.Supp. 2d 500, 504 (S.D.N.Y. 2006). Furthermore, under Rule 12(c) the court may, at its discretion, consider matters outside of the pleadings, and in essence treat the motion as one for summary judgment pursuant to Rule 56. Sira v. Morton, 380 F.3d 57 (2d Cir. 2004). As demonstrated below, Dow Jones is entitled to judgment as a matter of law, and the Complaint should be dismissed in its entirety.

### A.   ALL OF PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED AND MUST BE DISMISSED.

#### 1.   ERISA's Broad Preemption Bars Plaintiff's Claims

Plaintiff's Complaint is a thinly veiled attempt to collect benefits under the Separation Plan indirectly, on the basis of putative state law claims, ignoring the terms

of the Separation Plan and the preemptive force of ERISA.  Each of Plaintiff's four

putative state law causes of action end with the same demand for relief –- the

supplemental severance pay and equity benefits provided for in the Separation Plan.

Each claim is merely a different theory for why Plaintiff should get the benefits of the

Separation Plan.  No other relief is sought.  Plaintiff's attempt at clever drafting cannot

conceal, however, that Plaintiff's state law claims are preempted by ERISA and, as such,

must be dismissed in their entirety.

It is well-settled that a severance plan, such as Dow Jones's Separation

Plan, is an "employee welfare benefit plan" governed by ERISA.  See 29 U.S.C. §

1002(1)(an "employee benefit plan" is "any plan, fund or program which . . . was

established or is maintained [by an employer] for the purpose of providing for its

participants . . . benefits in the event of . . . unemployment"); Fort Halifax Packing Co.,

Inc. v. Coyne, 482 U.S. 1, 7 (1987)("severance benefits are included in ERISA");

Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 565 (2d Cir. 1998)("it is well

established that 'a program to pay severance benefits may constitute an 'employee

welfare plan' under ERISA)(quoting James v. Fleet/Norstar Fin. Group, Inc., 992 F.2d

463, 468 (2d Cir. 1993); Tappe v. Alliance Capital Mgmt., L.P., 177 F.Supp. 2d 176, 186

(S.D.N.Y. 2001)("Under ERISA, a severance payment qualifies as an employee

benefit.").

Further, section 514(a) of ERISA preempts "any and all state laws insofar

as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).

"The Supreme Court has 'long acknowledged that ERISA's pre[]emption provision is

clearly expansive.'"  Egan v. March & McLennan Cos., Inc., No. 07 Civ. 7134 (SAS), 2008

U.S. Dist. LEXIS 6647, at *13 (S.D.N.Y. Jan. 30, 2008)(quoting California Div. of Labor

Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324 (1997)).  The

Second Circuit has explained that there are two situations in which a plaintiff's state law

claims will be preempted by ERISA:

> *First,* preemption will apply where a state law clearly "refers
> to" ERISA plans . . . or where "the existence of ERISA plans
> is essential to the law's operation."  *Second,* a state law is
> preempted . . . if it has a clear "connection with" a[n]
> [ERISA] plan in the sense that it . . . ." provides alternative
> enforcement mechanisms."

Plumbing Indus. Bd. v. E.W. Howell Co., 126 F.3d 61, 67 (2d Cir. 1997)(quoting

Dillingham, 519 U.S. at 324 and New York State Conference of Blue Cross & Blue Shield

Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995)).

Henry's purported state law claims are preempted by ERISA under both

scenarios enunciated by the Second Circuit in Howell.  Indeed, Plaintiff's claims for

breach of contract, breach of implied contract, unjust enrichment, promissory estoppel

and unlawful deduction from wages (N.Y. Labor Law §193) are precisely the types of

state law claims that courts routinely dismiss on the basis of ERISA's broad preemption

provision.  See, e.g., Egan, 2008 U.S. Dist. LEXIS 6647, at *23-29 (breach of implied

contract and promissory estoppel); Burrell v. AT&T Corp., No. 03 Civ 2490 (SAS), 2005

U.S. Dist. LEXIS 23872 (S.D.N.Y. Oct. 18, 2005)(unjust enrichment); Patterson v. J.P.

Morgan Case & Co., No. 01 Civ. 7513 (JSM), 2002 U.S. Dist. LEXIS 2014 (S.D.N.Y. Feb.

13, 2002)(breach of contract); Tappe v. Alliance Capital Mgmt. L.P., 199 F.Supp. 2d 176

(S.D.N.Y. 2001)(N.Y. Lab. Law § 193).

Under the first preemption scenario identified by the Second Circuit in

Howell, Plaintiff's state law claims are preempted under ERISA § 514(a) because they

"relate or refer" to Dow Jones's Separation Plan, an ERISA covered plan.  Each and

every one of Henry's claims either refers or relates to the Separation Plan in that he contends that Dow Jones modified the terms of its Separation Plan, through oral representations, to provide him with benefits to which he was not otherwise entitled. For example, Plaintiff asserts that he is entitled to benefits from the Separation Plan under a breach of contract theory because "written agreements" exist (i.e., the Separation Plan), which provide him with such benefits. Compl. ¶75. In addition, Henry asserts that Dow Jones, through its "prior conduct and course of dealing" and "certain unequivocal and express verbal promises, representations and guarantees" allegedly made to Henry, modified the written terms of the Separation Plan, entitling him to benefits under theories of breach of implied contract and promissory estoppel, respectively. Compl. ¶¶80, 93. Finally, Henry contends that Dow Jones was unjustly enriched when it failed to pay him enhanced severance benefits due under the Separation Plan, and that the failure to pay severance benefits under the Separation Plan constitutes an unlawful deduction from his wages in violation of New York Labor Law §193. Compl. ¶¶86, 102. Because all of Henry's state law claims relate or refer to the Separation Plan (and seek, as a remedy, Separation Plan benefits), the claims are preempted by ERISA.

The Supreme Court, as well as courts in this Circuit have held that where the state law "cause of action makes specific reference to, and indeed is premised on, the existence of a [] plan . . . [and] this [C]ourt's inquiry must be directed to the plan, this judicially created cause of action 'relates to' an ERISA plan." Smith v. Dunham-Bush, Inc., 959 F.3d 6, 11 (2d Cir. 1992) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990)). Henry not only makes reference to the Separation Plan in each of his claims, but the gravamen of his Complaint is that, at the time of his discharge, the

Separation Plan (which Henry refers to as the "CIC Policy") had been triggered, entitling him to the enhanced severance benefits set forth in the Separation Plan. Compl. ¶¶42, 44, 45, 48, 52, 62, 63, 65. Primarily, Henry asserts that "as a key employee, he is entitled to the enhanced benefits pursuant to the CIC Policy." Compl. ¶62. Henry further alleges that "Dow Jones presented to its key employees and officers, including Henry, an incentive and severance package entitled the 'CIC Policy'" and that he "reasonably relied upon, to his detriment, the unequivocal promises of applicability of the CIC Policy when continuing to diligently perform his duties . . . on behalf of Dow Jones." Compl. ¶¶42, 52. By his own allegations Henry has directed this Court's inquiry to the terms of the Separation Plan as the source of his alleged entitlement to enhanced severance benefits. As such, Henry's claims "relate or refer" to an ERISA plan and are preempted.

Henry's claims are also preempted under the second scenario identified by the Court of Appeals in <u>Howell</u>. The remedy sought by Henry –– recovery of benefits provided by the Separation Plan[4] -- falls directly under ERISA's enforcement provisions. Section 502(a)(1)(B) of ERISA provides that "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). The Supreme Court, as well as courts in this Circuit, have found that state law claims, similar to Henry's, that are intended to function as "alternative enforcement mechanisms" to

---

[4] Henry characterizes the damages he seeks as "Accrued Obligations" (Compl. ¶65); that relief is precisely the Separation Plan benefits to which participants were entitled if their terminations occurred "upon or after the occurrence of a Change in Control." Exh. A of Ans. at 2. In <u>Smith v. Durham-Bush</u>, 959 F.2d 6 (2d Cir. 1992), the Second Circuit rejected a plaintiff's attempt, similar to Henry's, to draw the same distinction between putative state law remedies and benefits under the ERISA plan and found that "the existence of the [employee benefit plan] is inseparably connected to any determination of liability under state law. . . . Accordingly, [plaintiff's] suit relates not merely to pension benefits, but to the pension plan itself." <u>Id.</u> at 11. As in <u>Smith</u>, Henry's effort to disguise his claim for benefits under the Separation Plan as a series of state law claims is completely unavailing.

ERISA, are preempted. <u>Ingersoll-Rand</u>, 498 U.S. at 142 ("Congress intended §502(a) to

be the exclusive remedy for rights guaranteed under ERISA"); <u>Travelers</u>, 514 U.S. at 658

("we have held that state laws providing alternative enforcement mechanisms also relate

to ERISA plans, triggering preemption"); <u>Gerosa v. Savasta</u>, 329 F.3d 317, 324 (2d Cir.

2003)("state laws affecting the determination of eligibility for benefits, amounts of

benefits, or means of securing unpaid benefits – have typically been found to be

preempted"). Thus, Henry cannot evade ERISA's enforcement mechanisms simply by

relying upon what he characterizes as state law causes of action, and his claims must be

dismissed on this basis as well.

### 2. The Oral Representations Alleged by Plaintiff Are Unenforceable Under ERISA

Based on nothing more than vague allegations of oral statements

suggesting job security, Henry invites the Court to rewrite the terms of the Separation

Plan and award him plan benefits to which he clearly is not entitled under the terms of

the plan. The Court must decline the invitation because, as a matter of law, oral

representations such as those alleged by Henry cannot modify the Separation Plan.

ERISA requires that "every employee benefit plan shall be established and

maintained pursuant to a written instrument." 29 U.S.C. §1102(a)(1).[5] This provision

has been interpreted to mean that "oral representations and other informal statements

cannot be used to contradict or supersede the terms of an ERISA plan." <u>Snyder v. Elliot</u>

<u>W. Dann Co., Inc.</u>, 854 F.Supp. 264, 271 (S.D.N.Y. 1994)(internal citations omitted).

Thus "oral promises are unenforceable under ERISA and . . . cannot vary the terms of an

ERISA plan." <u>Perreca v. Gluck</u>, 295 F.3d 215, 225 (2d Cir. 2002). <u>See also</u> <u>Ladouceur v.</u>

---

[5] Consistent with statutory requirements, Dow Jones's Separation Plan is maintained pursuant to a written instrument. <u>See</u> Exh A. of Ans.

Credit Lyonnaise, No. 04 Civ. 2773, 2005 U.S. Dist. LEXIS 870, at *8 (S.D.N.Y. Jan. 20, 2005) (Buchwald, D.J.), rev'd on other grounds, 159 Fed. Appx. 302 (2d Cir. 2005) (unpublished opinion).

The Second Circuit's decision in Perreca is squarely on point. In that case, the plaintiffs claimed that they continued their employment on the basis of oral promises concerning the hire date that would be used to calculate their pension benefits. The Court held that "regardless of the accuracy of this allegation, plaintiffs' claim fails because oral promises are unenforceable under ERISA." 295 F.3d at 225. Likewise here, the oral comments Henry attributes to Rooney[6] cannot be used to obliterate the Separation Plan's provision that awards benefits only as to "terminations of employment arising from events occurring upon or following a Change in Control." Exh. A of Ans. at 2.

### 3.    Plaintiff's Promissory Estoppel Claim Must Be Dismissed Since He Fails to Allege "Extraordinary Circumstances"

Plaintiff's promissory estoppel claim, in particular, must be dismissed because he failed to allege the existence of "extraordinary circumstances." See, e.g., Devlin v. Transp. Comms. Int'l Union, 173 F.3d 94, 101-02 (2d Cir. 1999). In this

---

[6] Not only were Rooney's alleged representations entirely oral, but there is no allegation anywhere in the Complaint that Rooney, or anyone else, promised Henry that he would be entitled to Separation Plan benefits even if he were terminated prior to the Change in Control. Henry alleges nothing more than vague assurances of job security, such as comments that he would be Rooney's "number two" and that his job would be "secure" post-acquisition. Compl. ¶¶36, 54. Such comments would be wholly unenforceable even apart from the fact that ERISA bars oral modifications to the terms of a written plan, because "New York law . . . does not recognize promissory estoppel in the employment context." Deutsch v. Kroll Assoc. Inc., No. 02 Civ. 2892 (JSR), 2003 U.S. Dist. LEXIS 16613, at *8 (S.D.N.Y. Sept. 23, 2003); see e.g., LeBoeuf v. New York Univ. Med. Ctr., no. 98 Civ. 0973 (JSM), 2000 U.S. Dist. LEXIS 18263, at *17 (S.D.N.Y. Dec. 20, 2000)("under New York law, promissory estoppel cannot be invoked by an at-will employee who claims that his employment status was damaged by an employer's unfulfilled promise of job security"); Aspan v. Gemini Consulting, Inc., no. 98 Civ. 1256 (JGK), 1999 U.S. Dist. LEXIS 1104, at *13-14 (S.D.N.Y. Feb. 1, 1999)(because "New York does not recognize promissory estoppel as a valid cause of action in the employment context . . . plaintiffs' allegations that the defendant promised that they could continue their employment with the defendant indefinitely does not state a cause of action for promissory estoppel").

Circuit, "an ERISA plaintiff must adduce facts that demonstrate 'extraordinary circumstances'" in order to state a claim of promissory estoppel. Thompson v. Gen. Elec. Co., No. 01 Civ. 4438 (JGK), 2002 U.S. Dist. LEXIS 5316, at *18 (S.D.N.Y. Mar. 29, 2002)(quoting Aramony v. United Way Replacement Benefit Plan, 191 F.3d 140, 151 (2d Cir. 1999)). The "extraordinary circumstances" requirement "was imposed 'to lessen the danger that commonplace communications from employer to employee will routinely be claimed to give rise to employees' rights beyond those contained in formal benefit plans.'" Bell v. Pfizer Inc., 499 F.Supp. 2d 404, 409 (S.D.N.Y. 2007)(quoting Aramony, 191 F.3d at 151)(dismissing plaintiff's promissory estoppel claim since she provided no evidence that defendant-employer acted for the purpose of inducing her to retire).

Plaintiff's Complaint is devoid of any allegations that would approach extraordinary circumstances required to sustain a promissory estoppel claim. Most significantly, Plaintiff's contention that he was induced to continue his employment with Dow Jones – and nothing more – does not rise to the level of extraordinary circumstances. As this Court observed in Ladouceur v. Credit Lyonnaise, No. 04 Civ. 2773, 2005 U.S. Dist. LEXIS 870, at *8 (S.D.N.Y. Jan. 20, 2005) (Buchwald, D.J.), rev'd on other grounds, 159 Fed. Appx. 302 (2d Cir. 2005) (unpublished opinion), "[i]nducing a current employee to continue working for his employer or its successor . . . does not rise to the level of 'extraordinary circumstances' required to proceed on a promissory estoppel claim under ERISA." See also Robinson v. Sheet Metal Workers' Nat'l Pension Fund, 441 F.Supp. 2d 405, 433 (D. Conn. 2006)("[T]o accept Plaintiffs' argument [that they were induced to continue their employment] would render the 'extraordinary circumstances' requirement meaningless, since all employees rely upon the benefits their employer offers when choosing to continue working for the employer."); McMunn

v. Pirelli Tire, LLC, 161 F.Supp. 2d 97, 132 (D. Conn. 2001)("The remaining plaintiffs . . .

have not alleged that defendant promised them lifetime benefits in order to induce any

specific behavior, apart from ensuring their continued employment. . . . Allowing this

type of claim to rise to the level of 'extraordinary circumstances' would convert every

case in which an employer promised a benefit and then later ceased providing it into a

potential estoppel.")

       Thus, Plaintiff falls far short of alleging the existence of extraordinary

circumstances and his promissory estoppel claim, a transparent attempt to evade the

express terms and conditions of the Separation Plan, like all of his other claims, must be

dismissed on this basis as well.

**B.**    **PLAINTIFF WAS NOT ELIGIBLE FOR BENEFITS UNDER THE SEPARATION PLAN BECAUSE HIS TERMINATION OCCURRED PRIOR TO THE CHANGE IN CONTROL**

       When Plaintiff's state law claims are stripped away and this case is

properly viewed as asserting a claim for benefits under an ERISA welfare benefit plan, it

is clear that Plaintiff is not entitled to relief.

      **1.**    **A Deferential "Arbitrary or Capricious" Standard Constrains the Court's Review of the Denial of Benefits.**

       At the outset, it is well-settled that where, as here, an ERISA-covered plan

gives the plan administrators discretionary authority to interpret plan provisions, the

administrators' decisions are to be accorded substantial deference by a court, and are

not subject to *de novo* review. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101,

115 (1989). Indeed, courts in the Second Circuit have expressly adopted the arbitrary

and capricious standard in reviewing denial of benefits claims under ERISA, where, as

here, the Separation Plan reserves to the administrators of the plan the discretionary

authority to interpret the Separation Plan's terms. See, e.g., Fuller v. J.P. Morgan Chase

& Co., 423 F.3d 104, 106-107 (2d Cir. 2005)(where discretionary authority is conferred upon plan administrators, "we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary or capricious.'")(quoting Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995)); Kinstler v. First Reliance Standard Life Ins., 181 F.3d 243, 249 (2d Cir. 1999)("Where the plan reserves such discretionary authority, denials are subject to the more deferential arbitrary and capricious standard"); Buczek v. Bristol Myers Squibb Co., No. 07-CV-58C (SC), 2008 U.S. Dist. LEXIS 36972, at * 5 (W.D.N.Y. May 6, 2008)(a district court "must review the administrator's denial of benefits deferentially, and may reverse only if the administrator's decision was arbitrary and capricious."). "Under this highly deferential standard of review, th[e] Court cannot substitute its judgment for that of the Plan Administrator and will not overturn a decision to deny . . . benefits unless 'it was without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Fuller, 423 F.3d at 107 (quoting Pagan, 52 F.3d at 442).

The appeals procedure for Dow Jones's health and life insurance plans, which is expressly incorporated by paragraph 13 of the Separation Plan, provides that "[d]eterminations of the Plan Committee (and the other parties noted herein) in its discretion in the exercise of the authority conferred on it are final, conclusive and binding on participants, their beneficiaries and all other persons." Maher Aff., Exh. A at 61. The appeals procedure further provides that "[t]he Plan Committee generally controls and manages the operation and administration of the plans and interprets the plans." Id. Thus, because the Separation Plan reserves to the Plan Committee discretionary authority to interpret the Separation Plan, this Court may disturb the decision denying Henry enhanced benefits only if the decision was "arbitrary or capricious." As demonstrated below, Henry cannot begin to meet this burden.

### 2.   Henry Was Not Entitled to Benefits Under the Plain Terms of the Plan.

The denial of benefits to Henry was far from arbitrary or capricious. To the contrary, it was compelled by the plain terms of the Separation Plan. The controlling provision of the Separation Plan, section 1(b), provides that:

> Effective as of June 4, 2007 (the "Amendment Date"), all employees of the Company in salary grades 1 through 12 (an "eligible executive") shall be entitled to participate in the Plan as in effect on and after the Amendment Date; provided, however, that **any person who is in salary grades 8 through 12 shall only be entitled to participate in the Plan with respect to terminations of employment arising from events occurring upon or following a Change in Control** and prior to the second anniversary of a Change in Control. . .

Exh. A of Ans. at 2. (emphasis added). Plaintiff was in salary grade 10 at the time of his termination. Maher Aff. ¶4. Thus, Plaintiff would only be eligible for benefits under the Separation Plan at the time of his termination if his termination arose "from events occurring upon or following a Change in Control." Exh. A of Ans. at 2. The allegations of the Complaint itself, demonstrating that Plaintiff's termination did not occur upon or following a Change in Control, preclude him from recovering benefits under the Separation Plan.

It is not disputed that Plaintiff was terminated on October 8, 2007. Compl. ¶31; Ans. ¶31. It is similarly not disputed that the acquisition of Dow Jones by News Corporation occurred on or about December 14, 2007, more than two months after Henry's termination. Compl. ¶71; Ans. ¶71. Thus, the condition precedent to trigger Henry's eligibility for benefits under the Separation Plan – the Change in Control – had not occurred at the time of his termination. As such, Plaintiff is not eligible for the enhanced severance benefits he seeks.

If Plaintiff now suggests, contrary to the allegations of his Complaint, that events that transpired prior to December 14, 2007 constituted a Change in Control, he would be wrong. Paragraph 5 of the Separation Plan carefully defined a Change in Control as:

> (a) Any acquisition or series of acquisitions during any twelve (12) month period after which any "Person" . . . is the "Beneficial Owner" . . . of thirty percent (30%) or more of the combined voting power of the outstanding voting securities of the Company . . . .

Exh. A of Ans. at 4. Here, the Change in Control occurred at the close of business on December 13, 2007, when News Corporation acquired all of the stock of Dow Jones. Maher Aff. ¶3.

In sum, the conclusion that Henry was not eligible for benefits under the Separation Plan was reasonable and in accord with Henry's own allegations and the terms of the Separation Plan itself. As such, it cannot be considered arbitrary or capricious, and may not be disturbed regardless of the scope of review applied by the Court. See Fuller, 423 F.3d at 106 (deferring to plan administrator's decision where its authority was exercised "in a plainly reasonable manner"); Buczek, 2008 U.S. Dist. LEXIS 36972, at *15 (the plan administrator's "interpretation must be allowed to control" where it is rational); Butler v. The New York Times Co., No. 03 Civ. 5978 (RCC), 2007 U.S. Dist. LEXIS 18400, at *13 (S.D.N.Y. Mar. 7, 2007)("[s]o long as Defendant's assessment is reasonable -- i.e., based upon substantial evidence -- it is not, as a matter of law, arbitrary and capricious.").

## C.    PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES BARS THIS ACTION

A wholly separate basis for dismissal of Plaintiff's claims is his failure to exhaust his administrative remedies, a prerequisite to bringing a claim for benefits

under ERISA.  In the Second Circuit, "a plaintiff must exhaust the administrative remedies provided for by the plan before commencing suit." Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092, 2007 U.S. Dist. LEXIS 91139, at *19 (S.D.N.Y. Dec. 10, 2007)(Buchwald, D.J.)(dismissing plaintiff's ERISA claims for failure to exhaust); see also Egan, 2008 U.S. Dist. LEXIS 6647, at *36 (dismissing plaintiff's ERISA claims for failure to exhaust administrative remedies in light of the Second Circuit's "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases")(internal citations omitted); Schein v. News America Publ'g., Inc., No. 89 Civ. 0052 (MBM), 1989 U.S. Dist. LEXIS 5705, at *4 (S.D.N.Y. May 23, 1989)("It is well settled that ERISA requires exhaustion of administrative remedies before a claimant may seek vindication of contractual rights in federal court.").  "If the plaintiff fails to allege that he or she has exhausted administrative remedies, the claim must be dismissed." Greifenberger v. Hartford Life Ins. Co., No. 03 Civ. 3238 (SAS), 2003 U.S. Dist. LEXIS 22810, at *12 (S.D.N.Y. Dec. 16, 2003), aff'd, 131 Fed. Appx. 756 (2d Cir. 2005) (dismissing plaintiff's claims for failure to exhaust administrative remedies and failure to state a claim); see also Thomas v. Verizon, No. 02 Civ. 3083 (RCC)(THK), 2004 U.S. Dist. LEXIS 17576, at *16 (S.D.N.Y. Sept. 1, 2004), aff'd, No. 04-5232-cv, 2005 U.S. App. LEXIS 25424 (2d Cir. 2005) (granting defendant's motion for summary judgment as a result of plaintiff's failure to exhaust his administrative remedies); Sanfilippo v. Provident Life and Cas. Ins. Co., 178 F.Supp. 2d 450 (S.D.N.Y. 2002)(same).

Here, the Separation Plan specifically incorporates the claims and appeals procedures from the Dow Jones health and life insurance plans, which provide that:

> [a participant] may have [his] claim reconsidered by the
> [Vice President/Employee Relations or General Counsel].
> [The participant] must request this reconsideration to that
> manager . . . within 60 days from the date [he is] notified
> that [his] claim has been denied. . . . Within 60 days from the
> date [he] receive[s] notification from the [Vice
> President/Employee Relations or General Counsel] that [his]
> claim has been denied on reconsideration, [the plan
> participant or his] authorized representative may submit a
> written request to the Plan Committee for a final review of
> [his] claim.

Maher Aff., Exh. A, at 64; Exh. A to Ans. at 8. The Complaint is devoid of any allegation

that Henry pursued this claims and appeals procedure to collect the benefits allegedly

due to him under the Separation Plan. Plaintiff's omission is fatal, because courts in this

Circuit have not hesitated to dismiss ERISA claims where the plaintiff made no attempt

to exhaust his administrative remedies. See e.g., Greifenberger, 2003 U.S. Dist. LEXIS

22810, at *12 (dismissing plaintiff's claims for failure to allege exhaustion of

administrative remedies prior to initiating suit); Merkent v. SI Bank and Trust, No. 05

Civ. 2449 (JFB)(VVP), 2006 U.S. Dist. LEXIS 16508, at *8 (E.D.N.Y. Apr. 5,

2006)(where the plaintiff fails to exhaust her administrative remedies, "the Court is

compelled to dismiss her ERISA claim"). As such, Plaintiff's failure to allege that he

exhausted his administrative remedies, a prerequisite to pursuing his claims in this

Court, requires dismissal of the Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Dow Jones & Company, Inc.,

respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice,

and award to the Defendant its costs, including attorney's fees, as well as such other and

further relief as the Court may deem just and proper.

Dated:  New York, New York.
          August 15, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: _____
          Kenneth A. Margolis (KAM-9127)
          Shelby A. Silverman (SAS-0114)

950 Third Avenue
Fourteenth Floor
New York, NY  10022
(212) 644-1010

Attorneys for Defendant
DOW JONES & COMPANY, INC.