UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

MICHAEL HENRY,

                Plaintiff,

     - against -

DOW JONES,

                Defendant.
------------------------------------------X

**MEMORANDUM and ORDER**

08 Civ. 5316
(NRB)

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 1/28/09

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Michael Henry ("Henry") filed suit against defendant Dow Jones & Co., Inc. ("Dow Jones") alleging six causes of action under New York state law: (1) breach of contract; (2) breach of implied contract; (3) quantum meruit; (4) unjust enrichment; (5) promissory estoppel; and (6) violation of New York Labor Law section 193 for the unlawful "deduction from the wages of an employee."[1] Presently before the court is defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, defendant's motion is granted.

---

[1] Plaintiff listed five "counts" in his complaint, with the third count entitled "Quantum Meruit - Unjust Enrichment." Complaint ("Compl.") ¶¶ 82-88. For the purposes of this motion, we treat quantum meruit and unjust enrichment as separate causes of action.

1

## BACKGROUND[2]

Henry began working for Dow Jones in April 1997. Compl. ¶ 17. In or around March 2006, after eight years of "leading the online advertising sales organization" at Dow Jones, Henry was promoted to head of the Dow Jones Integrated Solutions Division. Id. ¶ 19. With the promotion came an increase in compensation: Dow Jones "nearly double[d]" Henry's "annual long-term compensation, options and Restricted Stock Units." Id. ¶ 20. In his new position, Henry held the title of Vice President and was "one of the two highest-ranking advertising executives at Dow Jones" with a "base salary at the rate of $220,000 per annum; and a target bonus of $125,000." Id. ¶ 18.

In April 2007, News Corporation ("News Corp.") made an offer to purchase Dow Jones for $60 a share in cash. Id. ¶ 24; Answer ("Ans.") ¶ 24. To curb "fears of layoffs and terminations" and to retain key employees, Dow Jones amended its Separation Plan for Senior Management ("Separation Plan") in June 2007, providing additional

---

[2] These facts are primarily drawn from plaintiff's Complaint and are assumed to be true for the limited purposes of this motion. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993)(involving a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). We apply the same presumptions and standards in deciding a motion for judgment on the pleadings as we do for a motion to dismiss under Rule 12(b)(6). Ad Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir. 1987).

benefits for eligible employees in certain scenarios, such as a "Change in Control." Compl. ¶¶ 41, 42; Ans. Ex. A.

In addition to these general retention measures, Henry claims that Michael Rooney, his immediate superior at Dow Jones, specifically assured Henry that he would be Rooney's "number two" if Henry "[saw Rooney] through this reorganization." Compl. ¶ 36. Plaintiff also claims that Rooney "confirmed" to him, "[y]ou can rest assured you'll be in a great position to rise to my job." Id. Plaintiff does not claim to have a written record of either of these alleged assurances.

On September 10, 2007, approximately three months after the amendments to the Separation Plan became effective, Rooney informed Henry that he would be fired. Id. at ¶ 55. Henry's termination became effective on October 8, 2007. Id. at ¶ 58. On December 13, 2007, over two months after Henry's termination became effective, News Corporation acquired ownership of all of the stock of Dow Jones. Id. at ¶ 71; Memorandum of Law in Support of Defendant Dow Jones & Company's Motion for Judgment on the Pleadings ("Def.'s Memo.") at 3.

Defendant determined that Henry was entitled to $236,265 in severance pay, consisting of a 2007 bonus of $125,000 and six months severance totaling $111,265. Id.

at ¶ 59.   Henry declined this offer because of his belief

that he qualifies for $565,220.70 in benefits under the

Separation Plan ("enhanced benefits"), which provides, in

relevant part:

> Effective as of June 4, 2007 (the "Amendment
> Date"), all employees of the Company in salary
> grades 1 through 12 (an "eligible executive")
> shall be entitled to participate in the Plan as
> in effect on and after the Amendment Date;
> provided, however, that any person who is in
> salary grades 8 through 12 shall only be entitled
> to participate in the Plan with respect to
> terminations of employment arising from events
> occurring upon or following a Change in Control
> and prior to the second anniversary of a Change
> in Control (as hereinafter defined) . . .
>
>                     . . .
>
> For the purposes of the Plan, a "Change in
> Control" shall mean: (a) Any acquisition or
> series of acquisitions during any twelve (12)
> month period after which any "Person" . . . is
> the "Beneficial Owner" . . . of thirty percent
> (30%) or more of the combined voting power of the
> outstanding voting securities of the Company . .
> .

Compl. at ¶¶ 65, 66-68; Ans. Ex. A at 2, 4 (emphasis in

original).

Henry argues that he is "entitled to participate in"

the Separation Plan's enhanced level of benefits because

his termination "ar[ose] from events occurring upon or

following a Change in Control."   Plaintiff's Memorandum of

Law in Opposition to Defendant's Motion to Dismiss Pursuant

to Fed. R. Civ. P. 12(b)(6) ("Pl.'s Mem.") at 8.   That is,
Henry maintains that his October 8, 2007 termination
"ar[ose] from events occurring upon or following" the
December 13, 2007 acquisition.

Plaintiff's efforts to exhaust administrative remedies
consist of the following.   Counsel for plaintiff first
contacted defendant by sending Rooney a letter on November
30, 2007 informing him of his representation of plaintiff
and asking Rooney to "call . . . to discuss [Henry's]
recent termination."   Pl.'s Mem. Ex. A. at 1.   After
defendant did not respond to that request, on March 12,
2008 plaintiff sent a letter to the Assistant General
Counsel at Dow Jones attaching a draft complaint and
seeking to discuss this matter.   Pl.'s Mem. Ex. B at 1.
Counsel for defendant responded on March 31, 2008 with a
letter that stated it found the claims in the draft
complaint to be "without merit" but advised it was
authorized to accept service for defendant.

Plaintiff filed this suit on April 17, 2008 in the
Supreme Court of the State of New York, County of New York.
Defendant removed the action to this Court on June 10,
2008, arguing that there is federal question jurisdiction
under 28 U.S.C. § 1331 because plaintiff's claims are
preempted by the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Plaintiff has not
sought to remand this case to state court.

## DISCUSSION

### I.   Jurisdiction: Preemption Analysis in the ERISA Context

Defendant maintains that removal is proper here
because plaintiff is seeking to obtain benefits under an
employee welfare benefit plan and ERISA provides an
exclusive federal cause of action in that context.  See 29
U.S.C. § 1132(a)(1)(B)("A civil action may be brought by a
participant or beneficiary to recover benefits due to him
under the terms of his plan . . ."); Notice of Removal at ¶
5.   While plaintiff does not explicitly concede the
applicability of ERISA, neither does he dispute it.  Thus,
we will briefly describe why ERISA applies and the
consequences of its applicability.

The Second Circuit has explained how federal
jurisdiction can attach when a plaintiff frames his
complaint in state law terms but defendant asserts ERISA
preemption as a defense:

> Ordinarily, a claim of preemption is a defense to
> be raised in the defendant's answer, and thus
> cannot support jurisdiction under 28 U.S.C. §
> 1331 because it would not appear on the face of a
> well-pleaded complaint.    Nonetheless, when
> Congress mandates "complete preemption" in a
> specific area of the law, any civil complaint

raising a state law claim in that area is of
necessity so federal in character that it arises
under federal law for purposes of 28 U.S.C. §
1331 and permits removal to federal court under
28 U.S.C. § 1441.  ERISA preemption provides a
valid basis for removal jurisdiction only if (1)
the state law cause of action is preempted by
ERISA, and (2) that cause of action is "within
the scope" of the civil enforcement provisions of
ERISA § 502(a), 29 U.S.C. §1132(a).

Plumbing Indus. Bd. et al. v. Howell Co., Inc., 126 F.3d
61, 66 (2d Cir. 1997)(citations omitted); see also Metro.
Life Ins. Co. v. Taylor, 481 U.S. 58, 64-67 (1987).

     We   discuss   the   two   prerequisites   to   the
appropriateness of removal on ERISA preemption grounds in
reverse order.  A cause of action is "within the scope" of
section 502(a) "only if [it] is properly characterized as
seeking 'to recover benefits due to [a plaintiff] under the
terms of his plan, to enforce his rights under the terms of
the plan, or to clarify his rights to future benefits under
the terms of the plan.'"[3]  Lupo v. Human Affairs Intern.,
Inc., 28 F.3d 269, 272 (2d Cir. 1994)(quoting section
502(a)(1)(B)).  In a complaint with multiple claims, only

---

[3] An additional requirement for this jurisdictional prerequisite and for
ERISA preemption in general is that the plan in dispute be an "employee
benefit plan" governed by ERISA.  29 U.S.C. § 1144(a).  The plaintiff
does not provide any argument, serious or otherwise, that this
requirement is not met by the Separation Plan.  Regardless, it is clear
that the Separation Plan is a severance benefits plan and it is well-
settled that severance benefits plans are "employee benefit plans"
governed by ERISA, 29 U.S.C. § 1144(a).  See, e.g., Gilbert v.
Burlington Indus., Inc., 765 F.2d 320, 325 (2d Cir. 1985)("Thus, in our
view severance pay is an unemployment benefit and an unfunded severance
pay policy constitutes a 'employee welfare benefit plan' under §
1002(1)(A).").

7

one preempted claim need be "within the scope" of section 502(a) for removal jurisdiction to be proper.  Id.  In addition, a claim need not be a "cognizable, winning claim under § 502(a) in order to fall 'within the scope' of the provision for the purposes of the jurisdictional analysis." Howell, 126 F.3d at 69.

While each of Henry's claims is arguably "within the scope" of section 502(a), we need consider just one.  In his breach of contract claim, Henry seeks recovery for $565,220.70 in "Accrued Obligations" that Henry is allegedly owed "[p]ursuant to Dow Jones' [Separation Plan] for terminated employees."  Compl. ¶¶ 42, 65, 76.  Because this claim is "properly characterized as seeking to recover benefits due to him under the terms of his plan," Lupo, 28 F.3d at 272, it is "within the scope" of section 502(a).

The other jurisdictional prerequisite from Howell -- that a state law cause of action be preempted by ERISA -- is met here as well.

When ERISA applies, its preemption section, 29 U.S.C. § 1144(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  The Supreme Court has repeatedly noted the broad scope of this section. See, e.g., New York State Conf. of Blue Cross and Blue

Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995)("[t]he governing text of ERISA is clearly expansive"); see also Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992)(collecting Supreme Court cases that refer to the provision as, inter alia, "broadly worded," "deliberately expansive" and "conspicuous for its breadth").

It is well-established that ERISA preempts state laws that provide employees with "alternative enforcement mechanisms" to secure benefits under ERISA plans. See Howell, 126 F.3d at 67 ("a state law is preempted even though it does not refer to ERISA or ERISA plans if it has a clear 'connection with' a plan in the sense that it . . . 'provid[es] alternative enforcement mechanisms'")(quoting Travelers, 514 U.S. at 658); Ingersoll-Rand v. McClendon, 498 U.S. 133, 142 (1990)("Congress intended §502(a) to be the exclusive remedy for rights guaranteed under ERISA"); Travelers, 514 U.S. at 658 ("we have held that state laws providing alternative enforcement mechanisms also relate to ERISA plans, triggering preemption")(citing Ingersoll-Rand, 498 U.S. at 137).

While plaintiff has alleged six different state law causes of action, the damages sought on each claim is the $565,220.70 plaintiff believes he is due as "Accrued

Obligations" under the Separation Plan.[4]  Compl. ¶¶ 65, 77,
81, 88, 97, 103.   Thus, through each of these claims,
plaintiff is seeking precisely the same thing: benefits
allegedly owed under the Separation Plan.   Henry is barred
from avoiding ERISA's exclusive enforcement regime by
recasting an action for ERISA benefits as a set of state
law causes of action.   Because Henry is seeking to secure
benefits under an ERISA plan through the use of "alternate
enforcement mechanisms" rather than ERISA's enforcement
provisions, Henry's state law claims are preempted.
Travelers, 514 U.S. at 658.


## II.  Construal as a Section 502(a) Claim

When, as here, state law claims are preempted by
ERISA's civil enforcement provisions, the proper course of
action is to treat the claims as if they had been asserted
under ERISA.   Arthurs v. Metro. Life Ins. Co., 760 F. Supp.
1095, 1098 (S.D.N.Y. 1991)("While the preemption analysis
is correct, the appropriate remedy is not to dismiss the
claim but rather to treat it as a claim made under

---

[4] For his claim that defendant violated New York Labor Law, Henry
alleges that "[d]efendant has unlawfully made deductions from
Plaintiff's earned compensation" and seeks "damages pursuant to [New
York Labor Law section 193]."  Compl. ¶¶ 102, 107.  Because he does not
mention any conceivable "deductions" other than the funds he argues
that he is due under the Separation Plan, the "deductions" he seeks to
recover through this claim are presumed to be the "Accrued Obligations"
he seeks in each of the other claims.

ERISA.")(citations omitted); <u>see also</u>, <u>Burgie v. Euro</u>

<u>Brokers, Inc.</u>, 482 F. Supp. 2d 302, 308 (E.D.N.Y. 2007).

Yet even construed as an action under ERISA section 502(a),

plaintiff's suit fails.[5]

Section 502(a) provides, in relevant part:

(a) Persons empowered to bring a civil action

> A civil action may be brought—
> > (1) by a participant or beneficiary—
> > > (A) for the relief provided
> > > for in subsection (c) of this
> > > section [concerning requests
> > > to the administration for
> > > information], or
> > > (B) to recover benefits due
> > > to him under the terms of his
> > > plan, to enforce his rights
> > > under the terms of his plan,

---

[5] Plaintiff claims for the first time in his opposition brief that Henry's termination violated ERISA section 510, 29 U.S.C. § 1140, because it was an "attempt [by Dow Jones] not to pay Henry benefits that clearly have vested and that he is entitled to." Pl.'s Mem. at 10. Before considering this claim, we note that plaintiff's invocation of ERISA section 510 is, at a minimum, a concession that the Separation Plan is an "employee benefit plan" under ERISA, 29 U.S.C. § 1144(a), and is also arguably a broader waiver of any remaining objection plaintiff may have to ERISA preemption.

ERISA section 510 provides, in relevant part, that: "It shall be unlawful for any person to discharge . . . or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such a participant may become entitled under the plan . . ." 29 U.S.C. § 1140. But plaintiff's complaint did not allege that defendant fired him to avoid paying him enhanced benefits and this Court cannot consider claims that are alleged for the first time in opposition papers to a motion for judgment on the pleadings. <u>Davis v. The City of New York</u>, No. 06 Civ. 3323(SJ), 2007 U.S. Dist. LEXIS 78031, at *10-11 (E.D.N.Y. Sept. 28, 2007)("the assertion is not made in her Complaint, and thus cannot be considered by this Court in deciding this motion [for judgment on the pleadings]"); <u>see also</u> <u>Southwick Clothing, LLC v. GFT (USA) Corp.</u>, No. 99 Civ. 10542(GBD), 2004 U.S. Dist. LEXIS 25336, at *6-7 (S.D.N.Y. Dec. 15, 2004)("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers, and hence such new allegations and claims should not be considered"). Under these circumstances, plaintiff's attempt to assert a claim under section 510 is rejected.

> or to clarify his rights to
> future benefits under the
> terms of the plan

29 U.S.C. § 1132(a).

In the context of a section 502(a) suit the applicable standard of review is "arbitrary and capricious." See, e.g., Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995)("[W]here the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility,[6] we will not disturb the administrator's ultimate conclusion unless it is "arbitrary and capricious.")(citations omitted)(quoted in Fuller v. J.P. Morgan Chase & Co., 423 F.3d 104, 106-07 (2d Cir. 2005)). For the reasons that follow, we find that plaintiff's section 502(a) claim fails, whether the Court

---

[6] Paragraph 13 of the Separation Plan expressly incorporates the appeals procedure for Dow Jones' health and life insurance plans. The latter provides ·that "[d]eterminations of the Plan Committee (and the other parties noted herein) in its discretion in the exercise of the authority conferred on it are final, conclusive and binding on participants, their beneficiaries and all other persons." Dow Jones & Company: Full-Time Employee Benefits Booklet ("General Benefits Plan"), Maher Aff. Ex. A at 61. Plaintiff cites directly to both the Separation Plan and the General Benefits Plan in constructing his arguments. Pl.'s Mem. at 3, 8; Compl. ¶¶ 42-48. "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference, and documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference." Hanig v. Yorktown Cent. School Dist., 384 F. Supp. 2d 710, 721 (S.D.N.Y. 2005) (citations omitted).

applies the "arbitrary and capricious" standard of review
or the less deferential de novo standard.[7]

Henry argues that he is entitled to enhanced benefits
under the Separation Plan -- or "to recover benefits due to
him under the terms of his plan" in the language of section
502(a)(1)(B) -- for two reasons.  His first argument is
that he is entitled to "enhanced severance benefits"
because "his termination arose 'from events occurring upon
or following a Change in Control.'"  Pl.'s Mem. at 1, 8
(quoting section 1(b) of the Separation Plan).  His second

---

[7] An alternate ground for dismissing plaintiff's claims is that it
appears that plaintiff failed to exhaust his administrative remedies
under the Separation Plan.   "[E]xhaustion in the context of ERISA
requires only those administrative appeals provided for in the relevant
plan or policy."  Kennedy v. Empire Blue Cross Blue Shield, 989 F.2d
588, 594 (2d Cir. 1993); see also Thomas v. Verizon, No. 02 Civ.
3083(RCC)(THK), 2004 U.S. Dist. LEXIS 17576, at *8 (S.D.N.Y. Sept. 1,
2004)("To exhaust ERISA benefits claims, claimants must pursue all
administrative remedies provided by their plan"), aff'd, 2005 U.S. App.
LEXIS 25424 (2d Cir. Nov. 22, 2005)(unpublished opinion).
    Here, the Separation Plan incorporates the appeals procedure from
the Dow Jones health and life insurance plans:

> You may have your claim reconsidered by the
> Manager, Employee Benefits.   You must request
> this reconsideration by writing to that manager
> . . . within 60 days from the date you are
> notified that your claim has been denied . . .

General Benefits Plan at 64; Ans. Ex. A at 8.
    Approximately 53 days after Henry's termination was effective,
plaintiff's counsel sent Rooney a two-line letter: "Please note this
firm represents Michael Henry . . . Please call me to discuss his
recent termination."  Pl.'s Mem. Ex A. at 1.   This letter mentioned
neither the Separation Plan nor the appeals procedure, and was not
addressed to the Manager of Employee Benefits.   Plaintiff's second
letter was sent more than five months after the termination.   Deeming
these communications to have fulfilled plaintiff's exhaustion
obligation would run counter to "the firmly established federal policy
favoring exhaustion of administrative remedies in ERISA cases."
Alfarone v. Bernie Wolff Constr., 788 F.2d 76, 79 (2d Cir. 1986)(quoted
in Kennedy, 989 F.2d at 594), cert. denied, 479 U.S. 915 (1986).

argument is that the oral assurances of job security Rooney allegedly made to him somehow cause Henry to be entitled to "enhanced severance benefits." Pl.'s Mem. at 1; Compl. ¶¶ 36, 97. We consider this second argument first.

ERISA requires that "every employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). Because "oral promises are unenforceable under ERISA and therefore cannot vary the terms of an ERISA plan," the veracity of plaintiff's allegations is irrelevant and his second argument must fail under either standard of review.[8] Perecca v. Gluck, 295 F.3d 215, 225 (2d Cir. 2002)(citing Smith v. Dunham-Bush, Inc., 959 F.2d 6, 7, 10 (2d Cir. 1992).

Henry's other argument is that he is entitled to the enhanced level of benefits available under the Separation Plan because "his termination arose 'from events occurring upon or following a Change in Control.'" Pl.'s Mem. at 8 (quoting section 1(b) of the Separation Plan). Henry

---

[8] Even if plaintiff's claim that Rooney's oral assurances altered the terms of the Separation Plan were not barred by section 1102(a)(1) it would fail because "New York law . . . does not recognize promissory estoppel in the employment context." Deutsche v. Kroll Assoc., Inc., No. 02 Civ. 2892(JSR), 2003 U.S. Dist. LEXIS 16613, at *8 (S.D.N.Y. Sept. 23, 2003)(citations omitted); see Smalley v. Dreyfus Corp., 10 N.Y.3d 55, 59 (2008)("In that the length of employment is not a material term of an at-will employment, a party cannot be injured merely by the termination of the contract - neither party can be said to have reasonably relied upon the other's promise not to terminate the contract.").

offers two unpersuasive rationales for how a termination that was effective October 8, 2007 could have arisen from events that occurred upon or following a Change in Control that occurred on December 13, 2007, over two months later.

First, plaintiff argues that the inclusion of "upon" necessarily implies that "the determination [of whether a termination arose 'upon or following' the Change in Control] is not dependent upon a chronological sequence of events" because "otherwise the Plan would have just read 'following.'" Pl.'s Mem. at 8. However, for plaintiff's argument to be persuasive -- given that the Change in Control occurred more than two months after the termination -- "upon or following" would need to be interpreted to mean "before, upon or following." While plaintiff's interpretation is creative, it is also implausible and we find "upon or following" to be unambiguous in this context.

Second, plaintiff offers the conclusory argument that "[a]ccording to the ['from events occurring upon or following a Change in Control'] language of the Plan, if Henry's termination involved his efforts in procuring a Change in Control then he is entitled to benefits under the Plan." Pl.'s Mem. at 8. Yet plaintiff provides no textual support from the Separation Plan for this proposition, nor any compelling argument as to why the assistance he gave

15

his superiors in the period leading up to the Change in Control should act to alter the unambiguous language of the Plan.  The language of the Separation Plan is unambiguous and we refuse to construe "upon or following" as "before, upon or following."

In sum, plaintiff's suit fails even if construed as a claim under section 502(a) of ERISA.

## CONCLUSION

For the reasons set forth above, defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted in its entirety.  The Clerk of the Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Dated:      New York, New York
            January 27, 2009

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

<u>Attorney for Plaintiff</u>
Jonathan Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Floor
New York, NY 10022

<u>Attorneys for Defendant</u>
Kenneth A. Margolis, Esq.
Shelby A. Silverman, Esq.
950 Third Avenue
Fourteenth Floor
New York, NY 10022